1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEFFREY D. MCDONALD,                         Case No.  2:24-cv-2545-JDP (P)

12                  Plaintiff,

13          v.                                      ORDER

14    GENA JONES, *et al.*,

15                  Defendant.

16

17

18          Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against ten named

19    defendants, alleging an array of constitutional violations.  ECF No. 1.  The allegations, as they

20    currently stand, are unrelated to one another, in violation of Federal Rule of Civil Procedure 18.

21    Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted

22    herein.  I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 4.

23                          **Screening and Pleading Requirements**

24          A federal court must screen the complaint of any claimant seeking permission to proceed

25    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

26    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

27    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

28    relief.  *Id.*

1

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief,

2  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

3  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

4  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

5  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

6  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

7  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

8  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

9  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

10  n.2 (9th Cir. 2006) (en banc) (citations omitted).

11    The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

12  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

13  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

14  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

15  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

16  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

17  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

18                                            **Analysis**

19    Plaintiff's complaint contains several unrelated claims in violation of the Federal Rules of

20  Civil Procedure.  *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)

21  ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should

22  not be joined with unrelated Claim B against Defendant 2.").  Plaintiff brings fourteen claims

23  against ten defendants: Gena Jones, warden of California Health Care Facility; Moreno, Urrea,

24  Chaves, Duran, Dennis, and Serna, correctional officers; and Michels, McClemore, and Dr.

25  Egloihide, clinicians and correctional counselors; each in their individual and official capacities.

26  ECF No. 1.  Although the complaint is difficult to understand, plaintiff first alleges a First

27  Amendment retaliation claim against Chaves, claiming that Chaves retaliated against him in a

28  prior court filing and conspired with Moreno, Urrea, Dennis, Serna, McClemore, and Dr.

1   Egloihide to retaliate against him. *Id.* at 7. Plaintiff alleges that Chaves threatened him by stating

2   that she had "cartel family" who could make plaintiff "disappear." *Id.* at 8. Next, plaintiff alleges

3   that Jones directed Urrea to chill his constitutional rights by threatening plaintiff's healthcare,

4   safety, and liberty, and by threatening to transfer him to another facility. *Id.* Jones also allegedly

5   directed Moreno to chill plaintiff's rights through "harassment, fear, racism, [and] safety." *Id.*

6   Plaintiff alleges that Jones directed the Unit Classification Committee to violate plaintiff's

7   procedural due process rights and created a "smear campaign" against him. *Id.*

8        Plaintiff next alleges that McClemore violated his Fourteenth Amendment right to an

9   impartial tribunal by not allowing him to present evidence, and that Jones directed McClemore to

10   engage in that behavior. *Id.* at 9. Plaintiff also alleges that McClemore directed Michels to

11   violate plaintiff's right to equal protection and procedural due process. *Id.*

12        In his fourth claim, plaintiff alleges that Duran threatened him for asking about his

13   canteen. *Id.* at 10. He alleges that Duran threatened plaintiff's safety, and that Duran conspired

14   with Moreno to "set plaintiff up." *Id.* Plaintiff alleges Duran also conspired with Moreno,

15   Michels, McClemore, Dr. Egloihide, and Jones to defame him at a hearing in an attempt to violate

16   his Thirteenth Amendment rights. *Id.* Next, plaintiff alleges that Dr. Egloihide conspired with

17   the Unit Classification Committee to hurt plaintiff's chances of obtaining parole and to violate

18   plaintiff's due process and equal protection rights. *Id.* at 11.

19        Plaintiff's sixth claim alleges retaliation against Jones and her staff, alleging that Jones

20   directed Urrea to retaliate against plaintiff due to him filing a prior lawsuit. *Id.* at 12. He

21   generally alleges that Jones has violated his First, Eighth, Thirteenth, and Fourteenth Amendment

22   rights. *Id.* He then alleges that Urrea told him and another inmate that Jones and Moreno told

23   Urrea to "stop being polite to them," and that Jones and Moreno told Urrea that plaintiff was

24   responsible for the prison's overdose problem. *Id.* at 13. Urrea told plaintiff and another inmate

25   that they were "criminals" and that she had to "threat [them] that way" and warned them to "stay

26   off [her] radar" and to not "get on [her] shit list." *Id.* Plaintiff alleges that, the next day, he

27   witnessed Urrea disrespect a fellow inmate, so he filed a complaint against Urrea, prompting

28   Urrea to write plaintiff up. *Id.*

1        In his seventh claim, plaintiff generally alleges that Moreno violated his Thirteenth

2    Amendment right against unlawful servitude. *Id.* at 14. Next, plaintiff generally alleges the

3    defendants are engaging in a civil conspiracy, in violation of California RICO laws. *Id.*

4        Plaintiff's ninth claim alleges that Jones failed to protect him from staff wrongdoing. *Id.*

5    He alleges that Jones knew Moreno had a high number of complaints against him, but Jones

6    failed to protect plaintiff from Moreno, and she failed to investigate the allegations of

7    wrongdoing. *Id.* In his tenth claim, plaintiff alleges that Jones and Moreno engaged in racial

8    discrimination by accusing him and two other inmates—all gay, bisexual, or transgender men—of

9    being responsible for other inmates' overdoses. *Id.* at 15. He further alleges that his incarceration

10    violates the Thirteenth Amendment because he has already paid his debt to society, and his

11    continued incarceration is unlawful servitude. *Id.* at 16-17.

12        In claim eleven, plaintiff alleges that Moreno, Michels, McClemore, and Dr. Egloihide

13    violated his due process rights during his United Classification Committee hearing. *Id.* at 18. He

14    alleges that the hearing was unfair and that he was not allowed to present his own evidence. *Id.*

15    According to plaintiff, Michels accidentally read things into the record that did not need to be

16    said, which was a due process violation. *Id.*

17        Plaintiff next alleges that Urrea confronted plaintiff about his complaints that Urrea had

18    filed a false disciplinary charge against him. *Id.* at 19. Plaintiff alleges that Urrea confronting

19    him amounted to an attempt to chill his First Amendment rights. *Id.* In his thirteenth claim,

20    plaintiff alleges that Serna engaged in racial discrimination against him by making racist remarks

21    on his unit. *Id.* at 20. Finally, in his last claim, plaintiff alleges Dennis attempted to chill

22    plaintiff's First Amendment rights by threatening to beat him up if plaintiff did not stop talking.

23    *Id.*

24        It is difficult to tell how, if at all, these allegations are related. Claims one and six both

25    mention retaliation due to a prior lawsuit plaintiff filed, but the connection between those two

26    claims is not apparent, nor is the connection between the two claims and the remaining twelve

27    claims. And, while some claims mention a Unit Classification Committee hearing, it is, again,

28    not apparent whether those hearings were related to one another or to the other claims alleged in

1  the complaint.  There is no common thread linking each of plaintiff's claims.  Unrelated claims

2  need to be brought against proper defendants in separate suits.  *See* Fed. R. Civ. P. 18(a); *George*,

3  507 F.3d at 607.

4          Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow

5  plaintiff a chance to amend his complaint before recommending that this action be dismissed.

6  Plaintiff should also take care to add specific factual allegations against each defendant.  If

7  plaintiff decides to file an amended complaint, the amended complaint will supersede the current

8  one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means

9  that the amended complaint will need to be complete on its face without reference to the prior

10  pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no

11  longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will

12  need to assert each claim and allege each defendant's involvement in sufficient detail.  The

13  amended complaint should be titled "First Amended Complaint" and refer to the appropriate case

14  number.  If plaintiff does not file an amended complaint, I will recommend that this action be

15  dismissed.

16          Accordingly, it is hereby ORDERED that:

17          1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 4, is GRANTED.

18          2.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

19          3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended

20  complaint or (2) notice of voluntary dismissal of this action without prejudice.

21          4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

22  result in the imposition of sanctions, including a recommendation that this action be dismissed

23  with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

24          5.  The Clerk of Court shall send plaintiff a complaint form with this order.
    IT IS SO ORDERED.
25

26
    Dated:    March 5, 2025
27                                                JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE
28

5