UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY D. MCDONALD, | Case No. 2:24-cv-2545-DC-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| GENA JONES, *et al.*, | |
| Defendant. | |

Plaintiff, a state inmate proceeding pro se, alleges in his second amended complaint that Sergeant Marisol Moreno violated his First and Fourteenth Amendment rights and discriminated against him due to his race, religion, and sexual orientation. ECF No. 11. He also requests a temporary restraining order. *See id.* For purposes of screening, plaintiff sufficiently alleges a First Amendment claim and an equal protection claim against Moreno, but he fails to state a cognizable due process claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein, or proceed only on the First Amendment and equal protection claims. I also recommend that plaintiff's motion for a temporary restraining order be denied.

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**I.     Allegations**

Plaintiff alleges that in early July 2024, Moreno violated his First Amendment rights by retaliating against him for filing a lawsuit. ECF No. 11 at 3. First, Moreno told plaintiff that he should be a "good man" and "stop suing [her] officers." *Id.* A few weeks later, and after plaintiff had filed a lawsuit, Moreno told him that if he liked "being one of [her] porters," he needed to be

2

1  a "team-player," and to "recant[] your statement, and drop this suit." *Id.* He alleges that Moreno
2  continued to threaten his prison job if he did not drop his lawsuit. *Id.* at 3-4. Ultimately, Moreno
3  fired plaintiff from his prison workplace and allegedly lied in a government document to keep
4  plaintiff from being able to obtain parole, all in retaliation for filing and not withdrawing his
5  lawsuit. *Id.* at 5.

6  Next, plaintiff alleges that Moreno violated his Fourteenth Amendment rights to due
7  process and equal protection. *Id.* at 6. He contends that Moreno had racial animus toward him
8  because he is African American and Islamic, and that her actions in firing him from his job
9  evidenced this. *Id.* Moreno allegedly told LGBTQIA individuals that her unit will "be void of
10 Blacks and L[G]BTQIA" individuals. *Id.* at 7. He also alleges that Moreno used "religious hate"
11 toward him because his is Muslim and gay. *Id.* Finally, plaintiff alleges that Moreno
12 discriminated against him due to his race, religion, and sexual identity, and that she used racial
13 slurs against him. *Id.* at 8.

14 Plaintiff has sufficiently alleged a First Amendment retaliation claim and an equal
15 protection claim, but his due process claim is insufficiently pled. First, as to plaintiff's First
16 Amendment claim, for an inmate to state a First Amendment retaliation claim, he must allege that
17 "(1) . . . a state actor took some adverse action against [him] (2) because of (3) [his] protected
18 conduct, and that such action (4) chilled the . . . exercise of his First Amendment rights, and
19 (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*,
20 408 F.3d 559, 567-68 (9th Cir. 2005). Prisoners retain their First Amendment right to pursue
21 civil rights actions in the courts, and the constitution protects inmates from being retaliated
22 against for exercising this right. *Id.* at 567. Plaintiff's allegations sufficiently allege, for purposes
23 of screening, that Moreno took an adverse action against him by threatening him and firing him
24 because plaintiff filed a civil rights lawsuit, and that such actions were done to chill plaintiff's
25 First Amendment exercise, and they were not related to a legitimate correctional goal. As such,
26 plaintiff's First Amendment retaliation claim against Moreno may move forward.

27 Additionally, to plaintiff's equal protection claim, "[t]he Equal Protection Clause requires
28 the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th

Cir. 2008) (citation omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted). "'The first step in equal protection analysis is to identify the [defendants' asserted] classification of groups.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995)). "The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." *Id.* (citation omitted). For the purposes of screening, plaintiff has sufficiently alleged that he is a member of a protected class, and that Moreno intentionally discriminated against him based on his membership in that class by removing him from his work duties.

However, plaintiff fails to state a cognizable due process claim because the Fourteenth Amendment's Due Process Clause "does not create a property or liberty interest in prison employment." *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (internal quotation marks and citation omitted); *see also Ingraham v. Wright*, 430 U.S. 651, 672 (1977) (holding that the guarantee of procedural due process under the Fourteenth Amendment only applies when there is a constitutionally protected liberty or property interest at stake).

Accordingly, plaintiff may either notify the court that he wishes to proceed on his cognizable First Amendment claim and equal protection claim against Moreno, in which case I will direct service, or he may elect to amend his complaint. If plaintiff amends his complaint, I will delay serving defendant and will screen his amended complaint in due course. Plaintiff is reminded that any amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

**Temporary Restraining Order**

Plaintiff requests a temporary restraining order. ECF No. 11 at 9. He asserts that he and his "class members" are being "attack[ed]," "raped," "assaulted," and "framed" for misconduct they have not committed. *Id.* at 17. He asserts that a "class member" was raped by a correctional

4

1 officer, and Moreno covered it up. *Id.* at 18. He alleges that Moreno threatened a "class
2 member's" safety. *Id.* at 19. Plaintiff attaches letters from other inmates and his grievances in
3 support of his motion. *Id.* at 27-40.

4 Plaintiff's motion should be denied. A temporary restraining order, as with any
5 preliminary injunctive relief, is an extraordinary remedy that is never awarded as of right. *See*
6 *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The standards that govern
7 temporary restraining orders are "substantially similar" to those that govern preliminary
8 injunctions. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). To obtain injunctive
9 relief, plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable
10 harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and
11 (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. "The first factor under
12 *Winter* is the most important—likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d
13 733, 740 (9th Cir. 2015).

14 A temporary restraining order "is appropriate when it grants relief of the same nature as
15 that to be finally granted." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631,
16 636 (9th Cir. 2015) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).
17 While new allegations of misconduct may support additional claims against a defendant, "they do
18 not support preliminary injunctions [or temporary restraining orders] entirely unrelated to the
19 conduct asserted in the underlying complaint." *Id.* (citing *De Beers Consol. Mines*, 325 U.S. at
20 220) (alteration added). Thus, "there must be a relationship between the injury claimed in the
21 motion for injunctive relief and the conduct asserted in the underlying complaint." *Id.* This
22 relationship is sufficiently strong if the temporary relief sought "would grant 'relief of the same
23 character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines*, 325 U.S.
24 at 220). Absent this nexus, the court "lacks authority to grant the relief requested." *Id.*

25 As an initial matter, to the extent plaintiff is attempting to raise claims on the behalf of
26 other inmates, he cannot do so. *See Welch v. Terhune*, 11 F. App'x 747, 747 (9th Cir. 2001)
27 (holding that the inmate-plaintiff could not prosecute a class action on behalf of other inmates).
28 Moreover, plaintiff's motion should be denied because his allegations are unrelated to the conduct

asserted in the underlying complaint. Plaintiff's allegations against Moreno are based on Moreno retaliating against him because he filed a lawsuit and due to his status as a gay African American Muslim. *See* ECF No. 11 at 3-8. His allegations in his motion for a temporary restraining order are unrelated to those claims, as they center around Moreno and other correctional officer's actions against other inmates. *See id.* at 9-40. As such, the motion lacks a sufficient nexus to the underlying complaint, and it should be denied.

## Conclusion

Accordingly, it is hereby ORDERED that:

1. Within thirty days from the service of this order, plaintiff must indicate his intent to proceed only with his First Amendment claim and equal protection claim against Moreno, or he must file another amended complaint. If he selects the latter, defendant will not be served until the new complaint is screened.

2. The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

Further, it is RECOMMENDED that plaintiff's motion for a temporary restraining order, ECF No. 11, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

6

1  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
2  1991).

4  IT IS SO ORDERED.

6  Dated:   June 23, 2025                         _____
                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE